Bullard, J.
This case grew out of that of Nicholson et al. v. Thompson, et al. reported in 5 Robinson, 367, in which we decided, that the plaintiff was constitutionally appointed one of the wardens of the port of New Orleans. That action was commenced by an injunction restraining the defendants from acting as wardens, until the legality of their appointment should be judicially determined. The injunction was dissolved by a decree of this court, and the plaintiff now sues both principal and sureties on the injunction bond, &c. Having recovered a judgment, in the District Court, the defendants appealed.
The appellants rely mainly upon the point, that, although the plaintiff was constitutionally appointed according to the judgment of this court, yet he never was duly qualified to act as port warden by taking the oath required by law, and, consequently, not authorized to enjoy the emoluments of the office ; and that the *327 defendants, who were the incumbents, had a right to continue in the discharge of its duties. It is not pretended that the plaintiff took the oath of office as required by the constitution and laws, until after the injunction was dissolved ; but it is urged by his counsel, that the Supreme Court has already decided, that he was one of the port wardens, which implies, as well his qualification to enter upon the discharge of the duties of the office, as his legal appointment. Of this opinion was the District Court, who decided that the judgment of this court is res judicata upon that point.
We are of opinion that the court erred. The only question presented by the pleadings and decided by us, was, the legality of the appointment of the plaintiff, without a previous removal from office of the incumbent by an address of the General Assembly, as provided by the constitution. The right of the defendant in that case to receive the fees of office is expressly denied by the plaintiffs, and the defendant (the present plaintiff) denied the plaintiffs’ cause of action,-and that they were entitled to the remedy demanded; and he averred, that he had been regularly and constitutionally appointed one of the port wardens of the port of New Orleans, the effect of which appointment had been, to supersede the commissions held by the petitioners, aud that their functions had ceased. Thus the question as to the appointment alone, was made by the pleadings. None other was discussed on the argument in this court; and the judgment pronounced by us settled none other. The injunction was dissolved ; but even after the dissolving of the injunction, the new wardens had no right to act until duly qualified by taking the oath of office. The injunction did not restrain them from taking the oath, but from performing any of the duties of the office; until then, the incumbents had a right to act, and to enjoy the emoluments of office.
It follows from these principles, which we think clear, that the plaintiff failed to enjoy the emoluments of his office, not because he was enjoined by the incumbents, who, even without such an injunction, would have had a right to continue in the discharge of its duties, but because he was not qualified to act by taking the oath of office. It is a case of damnum absque injuria.
*328 It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and ours is for the defendants, with costs in both courts.